# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| IVERSON DAMON LANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-176 |
| | ) | |
| OFFICER AGUILAR and | ) | |
| SHERIFF J. WILCHER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Iverson Damon Lang brought this 42 U.S.C. § 1983 complaint against a prison security officer and the county sheriff alleging emotional distress. Doc. 1. The Court granted plaintiff's motion to proceed *in forma pauperis* (IFP), doc. 3, and he has returned the necessary forms, doc. 4; doc. 5. The Court now screens the Complaint pursuant to 28 U.S.C. §1915A.[1]

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a

Prisoners at the Chatham County Detention Center are permitted to leave their cells during scheduled periods, with the top tier released between 9:00 a.m. and 12:00 p.m. and the bottom tier released between 12:00 and 3:00 p.m. Doc. 1 at 5. On the morning of July 3, 2019, Officer Aguilar was working as a wing officer. *Id*. He was scheduled to be relieved of his post at 8:00 a.m.; however, the replacing officer did not arrive, preventing the prisoners from being allowed out of their cells. *Id*. Shortly after 11:00 a.m., plaintiff asked Officer Aguilar if the television could be turned on while the prisoners waited in their cells. *Id*. Officer Aguilar responded to this request "full of rage," complaining that he was unable to leave, and using profanity and a racial offensive term. *Id*.

Prisoners have a Constitutional right to be free from threats of violence and racial discrimination, *see Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) ("Under the Equal Protection Clause, prisoners have a right to be free from racial discrimination."), but that is not what plaintiff alleges. He does not claim acts of invidious discrimination or threats to

---

complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

his safety. Rather, his complaint is that a member of the prison staff responded to his request with offensive and angry language.

The Constitution is not a security blanket and absent from its text is any hint of a prohibition against emotional bruising. Though Officer Aguilar's alleged language was unprofessional, offensive, and, arguably, detestable, it is a distant cry from violating a federally protected right. *See Hernandez v. Fla. Dep't of Corr.*, 281 Fed. App'x. 862, 866 (11th Cir. 2008) (holding that inmate's claim of "verbal abuse alone is insufficient to state a constitutional claim"); *Edwards v. Gilbert*, 867 F.2d 1271, 1273 n. 1 (11th Cir. 1989) ("a petitioner must allege more than that he has been subjected to 'verbal taunts . . . however distressing' in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights"); *Keyes v. City of Albany*, 594 F.Supp. 1147, 1155 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language, no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). The allegation of offensive language, therefore, cannot support a 42 U.S.C. § 1983 claim.

Accordingly, the Court **RECOMMENDS** that plaintiff's complaint be **DISMISSED** for failure to state a claim. Meanwhile, it is time for

plaintiff to pay his filing fee. His PLRA paperwork reflects $174.50 in average monthly deposits and a $42.91 average reserved monthly balance over the six-month period prior to the date of his Prison Account Statement. Doc. 5. He, therefore, owes a $34.90 initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) remit the $34.90 and shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 22th day of December, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA